IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> v. <br><br> CARLOS MONTELONGO-GUZMAN, <br><br>    Defendant. | CRIMINAL ACTION FILE <br><br> NO: 3:18-cr-19-TCB-1 |

**O R D E R**

This case comes before the Court on Magistrate Judge Russell G. Vineyard's Report and Recommendation (the "R&R") [32], which recommends denying Defendant Carlos Montelongo-Guzman's motions [18, 19] to suppress evidence. Montelongo-Guzman has filed objections [34] to the R&R.

**I.    Legal Standard on Review of a Magistrate Judge's R&R**

A district judge has a duty to conduct a "careful and complete" review of a magistrate judge's R&R. *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam) (quoting *Nettles v. Wainwright*,

677 F.2d 404, 408 (5th Cir. Unit B 1982)). This review may take different forms, however, depending on whether there are objections to the R&R. A district judge must "make a de novo determination of those portions of the [R&R] to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 512 (11th Cir. 1990) (A judge must "give fresh consideration to those issues to which specific objection has been made by a party."). Those portions of the R&R to which no objection is made need only be reviewed for clear error. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006) (per curiam) (quoting *Diamond v. Colonial Life & Accident Ins.*, 416 F.3d 310, 315 (4th Cir. 2005)).[1]

---

[1] *Macort* dealt only with the standard of review to be applied to a magistrate's factual findings, but the Supreme Court has indicated that there is no reason for the district court to apply a different standard to a magistrate's legal conclusions. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Thus, district courts in this circuit have routinely reviewed both legal and factual conclusions for clear error. *See Tauber v. Barnhart*, 438 F. Supp. 2d 1366, 1373–74 (N.D. Ga. 2006) (collecting cases). This is to be contrasted with the standard of review on appeal, which distinguishes between the two. *See Monroe v. Thigpen*, 932 F.2d 1437, 1440 (11th Cir. 1991) (holding that when a magistrate's findings of fact are adopted by the district court without objection, they are reviewed on appeal under a "plain error standard" while questions of law always remain subject to de novo review).

"Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." *Nettles*, 677 F.2d at 410 n.8. "This rule facilitates the opportunity for district judges to spend more time on matters actually contested and produces a result compatible with the purposes of the Magistrates Act." *Id.* at 410.

The district judge also has discretion to decline to consider arguments that were not raised before the magistrate judge. *Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009). Indeed, a contrary rule "would effectively nullify the magistrate judge's consideration of the matter and would not help to relieve the workload of the district court." *Id.* (quoting *United States v. Howell*, 231 F.3d 615, 622 (9th Cir. 2000)).

After conducting a complete and careful review of the R&R, the district judge "may accept, reject, or modify" the magistrate judge's findings and recommendations. 28 U.S.C. § 636(b)(1)(C); *Williams*, 681 F.2d at 732. The district judge "may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(C).

**II. Objections to the R&R**

Montelongo-Guzman objects to the R&R's findings that (1) the stop of the vehicle was not supported by probable cause or reasonable suspicion and (2) the scope and duration of the stop were reasonable.

Regarding the initial stop of the vehicle, Montelongo-Guzman argues that the trooper's testimony was not credible and that, under the totality of the circumstances, there was no reasonable, articulable suspicion to support pursuing the vehicle or the initial stop. However, as the R&R points out, a driver of a car who has broken even a minor traffic law cannot succeed on a motion to suppress evidence on the basis that the stop was pretextual. *United States v. Wright*, No. CR210-022, 2010 WL 4967468, at *1 (S.D. Ga. Nov. 5, 2010), *adopted by* 2010 WL 4967838, at *1 (S.D. Ga. Dec. 1, 2010).

Further, as the R&R notes, Montelongo-Guzman has not presented any evidence to contradict the trooper's evidence that he was speeding. The Court therefore agrees with the R&R's conclusion that the trooper's testimony was reliable. His observations therefore provided probable cause to conduct the traffic stop. *United States v.*

4

*Acosta*, 807 F. Supp. 2d 1154, 1196 (N.D. Ga. 2011). This objection will be overruled.

Regarding the scope and duration, Montelongo-Guzman argues that the officer's lack of diligence, the stop's intrusiveness, and the stop's duration should warrant a determination that the stop was unreasonable. However, an officer who asks questions while in the process of writing a citation or waiting for the response of a computer check does not extend the scope or duration of a valid initial seizure. *United States v. Garcia*, 284 F. App'x 791, 794 (11th Cir. 2008) (per curiam).

And a traffic stop may last longer than would ordinarily be permitted if specific facts and rational inferences drawn from the facts lead an officer, in light of his training and experience, to have an objectively reasonable and articulable suspicion that illegal activity has occurred or is occurring. *United States v. DeJesus*, 435 F. App'x 895, 900 (11th Cir. 2011) (per curiam). In fact, an officer has the duty to investigate suspicious circumstances that came to his attention after an

initial legal stop. *United States v. Simmons*, 172 F.3d 775, 779 (11th Cir. 1999).

Here, the initial stop was legal, as discussed above. The trooper then ran a license check that revealed an outstanding California arrest warrant, giving the trooper specific and articulable suspicion that the person named in the warrant was Montelongo-Guzman. He then proceeded to verify the information and inquire as to whether California wanted to extradite Montelongo-Guzman. While waiting, he received a positive alert from the K-9. These circumstances made it reasonable for the trooper to detain Montelongo-Guzman to investigate the warrant. *See id.* at 780.

Whether the duration of a stop was sufficiently limited in scope and duration depends on issues such as the law enforcement purpose served by the detention, the diligence with which an officer pursues the investigation, the scope and intrusiveness of the detention, and the duration of the detention. *Id.* Here, the purpose was to confirm that Montelongo-Guzman was the subject of the warrant. The trooper's diligence is supported by his attempt to check the warrant status within

the first few minutes and obtain information from a variety of sources. The Court further agrees with the conclusion in the R&R that the detention was not unreasonable in scope or intrusiveness and that the duration was reasonable.

This objection will also be overruled.

**III. Conclusion**

The Court has carefully reviewed the R&R and Montelongo-Guzman's objections thereto. Having done so, the Court finds no clear error in the portions of the R&R to which Montelongo-Guzman has not objected. *Macort*, 208 F. App'x at 784. Further, the Court finds that Magistrate Judge Vineyard's factual and legal conclusions were correct and that Montelongo-Guzman's objections have no merit. Therefore, the Court adopts as its Order the R&R [32]. Montelongo-Guzman's motions [18], [19] to suppress are denied.

IT IS SO ORDERED this 19th day of August, 2019.

_____
Timothy C. Batten, Sr.
United States District Judge